**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff/Respondent,** | § | |
| | § | **CR. No. C-10-114** |
| **v.** | § | **(C.A. No. C-11-220)** |
| | § | |
| **CESARIO RAMIREZ,** | § | |
| | § | |
| **Defendant/Movant.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND ORDER
<u>DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Cesario Ramirez' (Ramirez) motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. D.E. 20.[1] Also before the Court are the government's combined response and partial motion to dismiss, and defense counsel's affidavit. D.E. 29, 29-1. Ramirez filed a reply. D.E. 30. For the reasons set forth herein, the Court denies Ramirez' § 2255 motion. The Court also denies him a Certificate of Appealability.

**I.  JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

Ramirez was arrested on January 10, 2010, in Refugio County, Texas, after he was stopped at a weigh station and Texas DPS officers found more than 100 kilograms of marijuana in the vacuum trailer he was pulling. D.E. 1. Before he was stopped, law enforcement agents received a

---

[1]  Docket entry references are to the criminal case.

tip that a white tractor pulling a black vacuum trailer bearing a particular logo would be carrying drugs. The truck was to be heading to Houston from the Rio Grande Valley. Id.

When stopped at the weigh station, Ramirez denied that he knew what was in the trailer. He was unfamiliar with the truck equipment, including that required by law. He did not know the name of the trucking company or the name of his boss. Id. Ramirez told the trooper he had picked up the truck in Alice and fueled up in Robstown, Texas, but he did not have the fuel receipt. Ramirez consented to a search of the truck and trailer. When the trailer manholes were opened, the trooper saw multiple packages wrapped in black plastic between the first and second baffles. Id. Ramirez was arrested. Id. The gross weight of the marijuana seized from the trailer was 476.8 kilograms.

Ramirez made his initial appearance in federal court the day after his arrest. D.E. 2. He retained counsel.

Approximately a month after his arrest, Ramirez was indicted in a single count that charged him with possession with intent to distribute more than 100 kilograms, approximately 456.64 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). D.E. 7. Ramirez was arraigned the following week. Minute Entry, Feb. 17, 2010.

Ramirez pled guilty at rearraignment, without a plea agreement. Minute Entry, Mar. 15, 2010. After rearraignment, the Court ordered the Probation Department to prepare a Presentence Investigation Report (PSR). D.E. 12.

Using the 2009 Guidelines Manual, the Probation Department calculated Ramirez' base offense level to be 28 based upon the quantity of drugs seized. D.E. 15 at ¶ 12. Ramirez received credit for acceptance of responsibility. His total offense level was 25. Id. at ¶¶ 18, 19.

Ramirez had 3 criminal history points arising out of a misdemeanor DWI in 2001 and a felony DWI in 2005, for which he was sentenced to 6 years in custody, suspended and probated for 6 years. Id. at 29, 30. Because he was still on probation at the time he was arrested for his present offense, 2 criminal history points were added for a total of 5. Id. at ¶ 30. In addition to his scored offenses, Ramirez had six unscored misdemeanor offenses between 1990 and 1997. His criminal history  Category was III. Id. at ¶¶ 32-34.  His advisory sentencing guideline range was 70 to 87 months imprisonment, with a statutory minimum sentence of 5 years imprisonment. Id. at ¶¶ 55-56.

Sentencing was held on July 1, 2010. D.E. 24. No objections were made to the PSR by Ramirez. Id. at 3. The Court sentenced Ramirez to 78 months in the Bureau of Prisons, four years of supervised release, and a $100 special assessment. D.E. 24 at 6-7. The Court advised Ramirez of his right to appeal. Id. at 8.

Judgment was entered on the docket on July 8, 2010. D.E. 18. Ramirez did not appeal. He filed his motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 on July 5, 2011. D.E. 20. It is timely.

### III.  MOVANT'S CLAIMS

Ramirez asserts the following claims of ineffective assistance on the grounds that counsel failed to 1) file a notice of appeal as requested and 2) object to errors in the PSR regarding the calculation of his criminal history. Ramirez claims that the errors in calculation of his criminal history resulted in a criminal history Category III rather than Category II, thereby increasing his sentence. D.E. 20.

The government responds that Ramirez' claim to sentencing error is without merit and should be dismissed. The government conceded that a hearing was required on the claim that counsel failed to file a notice of appeal. D.E. 29.

## IV.   ANALYSIS

### A.   28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

### B.   Standard for Claims of Ineffective Assistance of Counsel

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was

4

prejudicial under <u>Strickland</u>, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. <u>Glover v. United States</u>, 531 U.S. 198, 203 (2001); <u>United States v. Herrera</u>, 412 F.3d 577, 581 (2005).[2]

If the movant fails to prove one prong, it is not necessary to analyze the other.  <u>Armstead v. Scott</u>, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); <u>Carter v. Johnson</u>, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

The prejudice standard differs for a claim that counsel failed to consult with him about filing an appeal and also failed to file a notice of appeal as directed. If a defendant requests that counsel file a notice of appeal, counsel's failure to do so constitutes ineffective assistance even without a showing that the appeal would be meritorious. <u>See</u> <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477, 486, 120 S.Ct. 1029 (2000); <u>cf</u>. <u>United States v. Tapp</u>, 491 F.3d 263, 266 (5th Cir. 2007); <u>see also</u> <u>United States v. Harger</u>, 354 Fed. Appx. 151 at *1 (5th Cir. Nov. 19, 2009) (designated unpublished) (reversing and remanding for evidentiary hearing on this issue). A district court may deny a § 2255 motion without a hearing only if the evidence conclusively shows that the prisoner is not entitled to relief. <u>United States v. Bartholomew</u>, 974 F.2d 39, 41 (5th Cir. 1992).

---

[2]   The Fifth Circuit adopted the "any amount of jail time" test in <u>United States v. Grammas</u>, 376 F.3d 433, 439 (5th Cir. 2004). "This test originated from the Supreme Court's decision in <u>Glover v. United States</u> where the Court explained that any amount of additional jail time has significance under <u>Strickland</u>." <u>Id</u>. (internal citations omitted).

**C.      Claim that Counsel Failed to File a Requested Notice of Appeal**

In his motion, Ramirez claims that before sentencing, he notified counsel of errors in the PSR related to his criminal history calculations and that counsel promised to look into the claimed errors. After sentencing, Ramirez claims he requested that counsel file an appeal and counsel told him he would do so. D.E. 20 at 6, D.E. 30 at 2.

The government obtained an order from this Court requiring counsel to file an affidavit. In his affidavit, counsel denied being advised of errors in the PSR and denied that Ramirez (or his wife) ever requested that he file a notice of appeal. D.E. 29-1. To resolve the factual dispute, the Court appointed counsel for Ramirez and held an evidentiary hearing on February 23, 2012. D.E. 31, 34.

During the hearing, trial counsel testified and reiterated that neither Ramirez or his wife ever requested that counsel file a notice of appeal. Counsel confirmed that he met with Ramirez after sentencing and asked Ramirez whether he wished to appeal. Ramirez told him he did not wish to appeal. Counsel stated that he spoke to Ramirez and his wife on a number of occasions after Ramirez' federal sentencing and neither of them ever stated that Ramirez wished to appeal. Ramirez did not testify at the hearing.

At the conclusion of the hearing, the Court found counsel's testimony to be credible and denied Ramirez' claim that counsel failed to file a requested notice of appeal. Minute Entry, Feb. 23, 2012. "[A] defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

**D.      Claims of Ineffective Assistance at Sentencing**

Ramirez next claims that counsel should have objected to his criminal history calculation. In support of that contention, Ramirez claims that his 2001 DWI conviction should not have been scored, but does not explain why it is "in error." He further claims that he was not still on probation from his 2006 sentence of 6 years probation when he was arrested for the present offense. Ramirez does not explain or provide evidence in support of these claims. Despite the liberal reading this Court gives to *pro se* litigant's pleadings, Ramirez is required to provide a factual basis for his claims. Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue. United States v. Woods, 870 F.2d 285, 288 n. 3 (5th Cir.1989); see also United States v. Jones, 614 F.2d 80, 81 (5th Cir. 1980) (failure of movant to state specific facts, "is insufficient to state a constitutional claim."). In this instance, there is no information before this Court to support Ramirez' claims that his criminal history was improperly scored. In the absence of any explanation or evidence that Ramirez' criminal history was improperly scored, counsel cannot have been ineffective on the grounds that he failed to object. This ground fails.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Ramirez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires

an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Ramirez is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Ramirez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 20) is DENIED. He is also denied a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 2nd day of May, 2012.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE